**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SOFTWARE AG USA, INC.<br>11700 Plaza America Drive<br>Reston, VA 20190,<br><br>          Plaintiff,<br><br>   v.<br><br>L. FRANCIS CISSNA, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>KIRSTJEN M. NIELSEN, Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>LAURA B. ZUCHOWSKI, Director<br>U.S. Citizenship and Immigration Services<br>Vermont Service Center<br>75 Lower Welden Street<br>St. Albans, VT 05479,<br><br>          Defendant. | Civil Action No. _____ |

## <u>COMPLAINT</u>

### Introduction

1.    Plaintiff Software AG USA, Inc. ("Software AG USA") challenges the unlawful denial of its nonimmigrant petition (EAC-18-136-52919) seeking approval of H-1B classification on behalf of Ms. Vidya Narayan Moily under 8 U.S.C. § 1101(a)(15)(H).

2.    The ultimate corporate parent of Software AG USA is Software AG, a stock corporation organized under the laws of the Federal Republic of Germany and listed on the Frankfurt Stock Exchange since April 26, 1999. The principal activities of Software AG and its

subsidiaries include providing customized technology solutions that support digital

transformation. Software AG serves as a technology service provider for companies in every

industry, and further supports its customers with custom consulting services and comprehensive

Information Technology expertise.

3.　　Plaintiff Software AG USA supports the company's domestic customers in their

digital transformation goals by providing the first end-to-end digital business platform that

includes integration, process management, adaptive application development, real-time analytics,

and enterprise architecture management as its core building blocks.

4.　　As described in its initial petition to U.S. Citizenship and Immigration Services

("USCIS"), Software AG USA seeks to continue to employ Ms. Moily in the role of Senior GCS

("Global Consulting Software") Consultant to "be responsible for developing, implementing, and

delivering technical solutions to solve our clients' most pressing business process challenges."

Classified in the Computer Systems Analyst occupation according to the U.S. Department of

Labor taxonomy, the role's minimum requirements included "attainment of a bachelor's degree,

or equivalent, in Computer Science, Information Systems, or a related quantitative or analytical

field, such as engineering." *See* Ex. 1 (April 6, 2018, Employer Support Letter).

5.　　On December 14, 2018, USCIS denied the H-1B petition, concluding that "on the

basis of the position's educational requirement alone, you have not established that the position

is in a specialty occupation as defined above." *See* Ex. 3 (December 14, 2018 Notice from

USCIS). The denial further states that "the evidence of record does not establish that the offered

position as described meets any of the four criteria specified in 8 CFR, section

214.2(h)(4)(iii)(A)." *Id.*

6.　　USCIS' denial of the petition runs counter to, and fundamentally disregards,

substantial evidence in the record. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

7.      Software AG USA seeks an order overturning the denial and requiring USCIS to adjudicate and approve its H-1B nonimmigrant petition.

## Jurisdiction and Venue

8.      This is a civil action brought under 5 U.S.C. §§ 702, 704 of the Administrative Procedure Act ("APA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

9.      Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## Parties

10.     Plaintiff Software AG USA is a Delaware corporation headquartered in Reston, VA.

11.     Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition Software AG USA filed on behalf of Ms. Moily.

12.     Defendant L. Francis Cissna is the Director of USCIS. He has ultimate responsibility for the denial of Software AG USA's petition and is sued in his official capacity.

13.     Defendant Kirstjen M. Nielsen is the Secretary of DHS, and is sued in her official

capacity.

14.     Defendant Laura B. Zuchowski is the Director of the Vermont Service Center, and is sued in her official capacity. She leads the specific office within USCIS that adjudicated the petition.

## Legal Framework

15.     The Immigration and Nationality Act ("INA") provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

16.     A specialty occupation is a position that requires the theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8 U.S.C. § 1184(i)(1).

17.     DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

18.     Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum

requirement for entry into the particular position;

- Degree requirement is common in industry in parallel positions among similar organizations or the particular position is so complex or unique that a degree is required;

- Employer normally requires a degree or equivalent; or

- Nature of specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with attainment of degree.

19.     To perform services in a specialty occupation, a beneficiary must, in pertinent part, hold a U.S. bachelor's or higher degree from an accredited college or university (or a foreign degree determined to be equivalent) as required by the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(C).

**Factual Allegations**

20.     USCIS accepted an H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Ms. Vidya Narayan Moily on April 13, 2018. This was the fifth H-1B petition Plaintiff filed on behalf of Ms. Moily for the same Senior Consultant role. USCIS approved all previous petitions (EAC-14-081-51923, EAC-14-129-51617, EAC-15-050-51030, EAC-16-245-52116).

21.     Ms. Moily served in the position of Senior Consultant with Software AG USA between March 2014 and the denial of the instant petition on December 14, 2018.

22.     Plaintiff filed Form I-140, Immigrant Petition for Alien Worker, on behalf of Ms. Moily on December 12, 2016 following a test of the U.S. labor market reflected in the underlying ETA Form 9089, Application for Permanent Employment Certification. Certified by the U.S. Department of Labor on September 6, 2016, this application reflected a permanent job

opportunity in the same Senior GCS Consultant role described by the instant H-1B petition, and

included minimum educational requirements of at least a bachelor's degree in Computer Science,

Computer Information Systems, or a related field. *See* Ex. 4 (Certified ETA Form 9089). USCIS

approved the I-140 on February 12, 2018. *See* Ex. 5 (I-797 Approval Notice).

23.     Ms. Moily earned a Bachelor of Science degree in Computer Science in February

2008 from the University of Mumbai. She also had more than six years of related industry

experience at the time of filing, and this combination of education and experience was evaluated

by a professional evaluation firm and equated to a bachelor's degree in Computer Information

Systems from a regionally accredited college or university in the United States.

24.     USCIS issued a Request for Evidence ("RFE") on September 17, 2018, and called

for additional evidence that the position offered to the beneficiary meets the requirements for a

specialty occupation, that Ms. Moily would continue to be an employee of Software AG USA,

and that her work was supported by an itinerary of services. *See* Ex. 2 (September 17, 2018

Notice from USCIS).

25.     Plaintiff submitted its timely response on December 10, 2018, and along with a

range of documentary evidence attached a support letter from Rajesh Gosrani, Global Consulting

Services Manager with Software AG USA. This letter provided more detailed explanations of the

beneficiary's proposed day-to-day job duties and the company's minimum requirements for the

role, and tied these requirements to both the Computer Systems Analyst occupation generally

and the company's specific needs for this particular role.

26.     USCIS ultimately denied Plaintiff's petition on December 14, 2018. Focusing

entirely on the position's stated minimum requirements as described in the initial support letter,

the denial concludes that Plaintiff did not establish the proffered position's eligibility under any

of the four "specialty occupation" factors enumerated by regulation at 8 C.F.R. §

214.2(h)(4)(iii)(A).

27.     Despite a detailed response from the Plaintiff supported by a variety of supporting

documentation, the denial manages only to provide a bullet point list of the evidence in the

record before reiterating the challenge it outlined in the RFE as its basis for denial:


> You indicated that the minimum entry requirements for the offered position are a
>
> wide variety of disparate fields of study, as the offered position requires a
>
> "bachelor's degree, or its equivalent in Computer Science, Information Systems,
>
> or a related quantitative analytical field, such as engineering." In addition you
>
> have indicated that one of the minimum entry requirements for the offered
>
> position is a general and non-specific degree in "Engineering" without further
>
> specialization or explanation. (Ex. 3 at 3.)


28.     The denial does not reference or in any meaningful way analyze the substance of

the additional evidence provided in response to the Service's RFE. Instead, the denial simply

cuts and pastes cherry-picked snippets from Petitioner's submission for inclusion in a  template

denial notice that, through inclusion of lengthy boilerplate language,  attempts to suggest a

thorough analysis when in fact there was no meaningful review or adjudication whatsoever.

Accordingly, the entirety of the denial's rationale is "… you have not sufficiently explained how

your position requirements constitute a 'body of highly specialized knowledge' that is directly

related to the duties and responsibilities of the offered position and/or how each of the fields of

study under this generalized heading would related to the duties and responsibilities of the

offered position." (Ex 3 at 4).

29.     This denial left Ms. Moily without legal immigration status in the United States

following more than seven years as an H-1B nonimmigrant based on four previously-approved

H-1B petitions for the same role and with the same employer.

30.     Unless the Court vacates the denial of Software AG USA's petition, the company

will lose the services of a valuable employee in the United States.

**Exhaustion**

31.     The December 14, 2018, denial by USCIS of Software AG USA's petition

constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS

regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

32.     Under 5 U.S.C. §§ 702 and 704, Software AG USA has suffered a "legal wrong"

and has been "adversely affected or aggrieved" by agency action for which there is no adequate

remedy at law.


**CAUSE OF ACTION**

**COUNT I**

**Administrative Procedure Act Violation (5 U.S.C. § 706)**

33.     Plaintiff incorporates the allegations set forth in the preceding paragraphs.

34.     Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final

agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the

law.

35.     No rational connection exists between the conclusions asserted by USCIS in its

denial and the facts in the record.

## REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

1.     Declare the Defendants' denial of Software AG USA's H-1B petition is unlawful.

2.     Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

3.     Award Plaintiff its costs in this action; and

4.     Grant any other relief that this Court may deem proper.


Dated: January 11, 2019                    MORGAN, LEWIS & BOCKIUS LLP


                                           By:/s/ Eric S. Bord
                                               Eric S. Bord (DC Bar No. 429350)
                                               eric.bord@morganlewis.com
                                               Daniel D. Schaeffer (DC Bar No. 888208991)
                                               daniel.schaeffer@morganlewis.com

                                           1111 Pennsylvania Avenue, NW
                                           Washington, DC  20004
                                           Telephone:      +1.202.739.3000
                                           Facsimile:      +1.202.739.3001

                                           Attorneys for Plaintiff